1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8  AHMED S.A. FARAH,                            NO.  C13-1610-BJR-JPD

9                        Plaintiff,

10       v.                                     REPORT AND
                                                RECOMMENDATION
11  CAROLYN W. COLVIN, Acting
    Commissioner of Social Security,
12
                         Defendant.
13

14          Plaintiff Ahmed S.A. Farah appeals the final decision of the Commissioner of the

15  Social Security Administration ("Commissioner") which denied his applications for Disability

16  Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI

17  of the Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83f, after a hearing before an

18  administrative law judge ("ALJ").  For the reasons set forth below, the Court recommends that

19  the Commissioner's decision be affirmed.

20                      I.      FACTS AND PROCEDURAL HISTORY

21          At the time of the administrative hearing, plaintiff was a forty-two year old man with

22  some college education and limited English proficiency.  Administrative Record ("AR") at 38.

23  His past work experience includes employment as a labeler, warehouse checker, janitor, fish

24

REPORT AND RECOMMENDATION - 1

cleaner, and hand packager.  AR at 22.  Plaintiff was last gainfully employed in December 2009.  AR at 38.

On December 1, 2010, plaintiff filed a claim for SSI payments and an application for DIB, alleging an onset date of December 27, 2004.  AR at 233-40.  Plaintiff later amended his onset date to February 1, 2010.  AR at 13, 226. Plaintiff asserts that he is disabled due to a spinal injury, chronic pain, depression, poor balance, and a learning disability.  AR at 278.

The Commissioner denied plaintiff's claim initially and on reconsideration.  AR at 108-11, 116-28.  Plaintiff requested a hearing which took place on April 18, 2012.  AR at 31-61. On May 10, 2012, the ALJ issued a decision finding plaintiff not disabled and denied benefits based on her finding that plaintiff could perform his past relevant work as a labeler.  AR at 22. Plaintiff's administrative appeal of the ALJ's decision was denied by the Appeals Council, AR at 1-5, making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g).  On September 11, 2013, plaintiff timely filed the present action challenging the Commissioner's decision.  Dkt. 3.

## II.    JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III.    STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005).  "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750

REPORT AND RECOMMENDATION - 2

(9th Cir. 1989).  The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld.  *Id.*

The Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose."  *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).  The Court may find that this occurs when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

*Id.* at 1076-77; *see also Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (noting that erroneously rejected evidence may be credited when all three elements are met).

## IV.     EVALUATING DISABILITY

As the claimant, Mr. Farah bears the burden of proving that he is disabled within the meaning of the Social Security Act (the "Act").  *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999)  (internal citations omitted).  The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age,

education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b).[1] If he is, disability benefits are denied. If he is not, the Commissioner proceeds to step two. At step two, the claimant must establish that he has one or more medically severe impairments, or combination of impairments, that limit his physical or mental ability to do basic work activities. If the claimant does not have such impairments, he is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the

---

[1] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit. 20 C.F.R. § 404.1572.

REPORT AND RECOMMENDATION - 4

1   Commissioner evaluates the physical and mental demands of the claimant's past relevant work

2   to determine whether he can still perform that work.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If

3   the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true,

4   then the burden shifts to the Commissioner at step five to show that the claimant can perform

5   other work that exists in significant numbers in the national economy, taking into consideration

6   the claimant's RFC, age, education, and work experience.  20 C.F.R. §§ 404.1520(g),

7   416.920(g); *Tackett*, 180 F.3d at 1099, 1100.  If the Commissioner finds the claimant is unable

8   to perform other work, then the claimant is found disabled and benefits may be awarded.

9                                    V.        DECISION BELOW

10          On May 10, 2012, the ALJ issued a decision finding the following:

11      1.      The claimant meets the insured status requirements of the Social
                Security Act through December 31, 2013.

12

13      2.      The claimant has not engaged in substantial gainful activity since
                February 1, 2010, the amended alleged onset date.

14      3.      The claimant has the following severe impairments: degenerative disc
                disease (DDD) of the lumbar spine, with spinal stenosis.

15

16      4.      The claimant does not have an impairment or combination of
                impairments that meets or medically equals the severity of one of the
                listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

17

18      5.      After careful consideration of the entire record, I find that the claimant
                has the residual functional capacity to lift and carry twenty pounds
                occasionally and ten pounds frequently, sit for about six hours in an
19              eight-hour workday, and stand and/or walk for about six hours in an
                eight-hour workday, with regular breaks.  He can occasionally climb,
20              stoop, kneel, crouch, and crawl.  He should avoid concentrated
                exposure to vibration and hazards.

21      6.      The claimant is capable of performing past relevant work as a labeler
                (DOT 920.687-126, light work, SVP 2).  This work does not require
22              the performance of work-related activities precluded by the claimant's
                residual functional capacity.

23

24

7.     The claimant has not been under a disability, as defined in the Social Security Act, from December 27, 2004, through the date of this decision.

AR at 15-23.

## VI.     ISSUES ON APPEAL

The principal issues on appeal are:

1.     Whether the ALJ erred in failing to properly consider the opinions of the treating and examining providers in the record and in failing to provide adequate explanation for not assigning those opinions more weight.

2.     Whether the ALJ erred in finding that the plaintiff could return to past relevant work as a labeler.

3.     Whether substantial evidence supports the ALJ's finding that plaintiff would be capable of performing work at the "light" exertional level.

4.     Whether substantial evidence supports the ALJ's conclusion that plaintiff could perform work without the need for the use of a cane.

Dkt. No. 16 at 2-3.

## VII.     DISCUSSION

A.     The ALJ Did Not Err in Evaluating the Medical Evidence

As a matter of law, more weight is given to a treating physician's opinion than to that of a non-treating physician because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *see also Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007).  A treating physician's opinion, however, is not necessarily conclusive as to either a physical condition or the ultimate issue of disability, and can be rejected, whether or not that opinion is contradicted. *Magallanes*, 881 F.2d at 751.  If an ALJ rejects the opinion of a treating or examining physician, the ALJ must give clear and convincing reasons for doing so if the opinion is not contradicted by other evidence, and specific and legitimate reasons if it is. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1988).  "This can be done by setting out a detailed and thorough

REPORT AND RECOMMENDATION - 6

summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citing *Magallanes*, 881 F.2d at 751).  The ALJ must do more than merely state his/her conclusions.  "He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).  Such conclusions must at all times be supported by substantial evidence. *Reddick*, 157 F.3d at 725.

The opinions of examining physicians are to be given more weight than non-examining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  Like treating physicians, the uncontradicted opinions of examining physicians may not be rejected without clear and convincing evidence. *Id.*  An ALJ may reject the controverted opinions of an examining physician only by providing specific and legitimate reasons that are supported by the record. *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005).

Opinions from non-examining medical sources are to be given less weight than treating or examining doctors. *Lester*, 81 F.3d at 831.  However, an ALJ must always evaluate the opinions from such sources and may not simply ignore them.  In other words, an ALJ must evaluate the opinion of a non-examining source and explain the weight given to it.  Social Security Ruling ("SSR") 96-6p, 1996 WL 374180, at *2.  Although an ALJ generally gives more weight to an examining doctor's opinion than to a non-examining doctor's opinion, a non-examining doctor's opinion may nonetheless constitute substantial evidence if it is consistent with other independent evidence in the record. *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Orn*, 495 F.3d at 632-33.

Plaintiff first raises issue with the ALJ's treatment of the medical opinion from treating provider Scott Itano, M.D.  Dkt. 16 at 4-7.  Dr. Itano completed a physical evaluation on behalf of the Washington State Department of Social and Health Services on March 9, 2011.  AR at

879-84.  Dr. Itano diagnosed plaintiff with degenerative disc disease, intermittent spinal strain, depressive disorder, and illiteracy and measured plaintiff's overall work level as "severely limited."[2]  AR at 881.  Dr. Itano further opined that plaintiff would be limited to standing for thirty minutes to one hour in an eight hour work day, sitting for three hours in an eight hour work day, lifting five pounds occasionally, and lifting two pounds frequently.  AR at 876.

The ALJ gave limited weight to Dr. Itano's opinions finding them inconsistent with Dr. Itano's examination findings and inconsistent with plaintiff's reported activities.  AR at 22. Plaintiff argues these were not specific and legitimate reasons to discredit Dr. Itano's opinions. Dkt. 16 at 6-7.  The Court disagrees.

Discrepancies between a medical opinion source's functional assessment and that source's clinical notes, recorded observations and other comments regarding a claimants capabilities are "a clear and convincing reason for not relying" on the assessment.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005); *see also Weetman v. Sullivan*, 877 F.2d 20, 23 (9th Cir. 1989).  The ALJ noted that while Dr. Itano found plaintiff to have some limited range of motion, he also found plaintiff to have full motor strength and intact gait and sensation.  AR at 22.  The ALJ found these findings inconsistent with the level of functional limitation opined by Dr. Itano, which was a specific and legitimate reason to discredit the opinion.  *See Bayliss*, 427 F.3d at 1216.

The ALJ also found plaintiff's activities inconsistent with the level of functioning opined by Dr. Itano.  AR at 22.  Dr. Itano opined severe limitations in standing and walking. AR at 877, 881.  However, as pointed out by the ALJ, plaintiff reported walking to restaurants and coffee shops daily, visiting the community center and religious services regularly, and

---

[2] "Severely limited" is defined as being "unable to lift at least 2 pounds or unable to stand and/or walk."  AR 881.

being able to attend to his own personal care.  AR at 21-22.  These activities done on a regular

basis would likely involve more standing and walking than that opined by Dr. Itano, and it was

reasonable for the ALJ to conclude that these activities were inconsistent with Dr. Itano's

opinion.  This inconsistency was a specific and legitimate reason to discredit the opinion.  *See*

*Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 601-02 (9th Cir. 1999)

(upholding the rejection of a physician's conclusion that claimant suffered from marked

limitations based, in part, on other evidence of claimant's ability to function, including

reported activities of daily living, which contradicted that conclusion).

Plaintiff also takes issue with the ALJ's treatment of the opinion of Charles Nelson,

M.D.  Dkt. 16 at 7-8.  Dr. Nelson diagnosed plaintiff with low back pain, degenerative disc

disease, and hypertension.  AR at 773-74.  Dr. Nelson opined that "[i]t is likely [plaintiff] will

only be able to go back to work in a capacity that requires no lifting."  AR at 774.  The ALJ

gave this opinion minimal weight, finding it brief and without objective basis or support.  AR

at 21.  The ALJ further found it inconsistent with objective findings, the longitudinal medical

record, and plaintiff's reported activities.  AR at 21.  Plaintiff argues the ALJ failed to give

specific and legitimate reasons to discredit Dr. Nelson's opinion.  Dkt. 16 at 7-8.  Again, the

Court again disagrees.

The ALJ first pointed out that Dr. Nelson's opinion was brief and not supported by

objective findings.  AR at 21.  The ALJ cited the findings that showed largely normal range of

motion in the lumbar spine, negative straight leg raise, normal heel and toe walking, and intact

sensation.  AR at 21.  Plaintiff argues Dr. Nelson's opinion was supported by objective

findings because he was as a member of plaintiff's treating team at Swedish Medicine and had

access to plaintiff's treatment history, which contained objective findings supportive of

disability.  Dkt. 16 at 7-8.  However, he provided no evidence to show that Dr. Nelson

reviewed any of plaintiff's prior medical records.  The ALJ's finding that the opinion was unsupported by objective findings was a specific and legitimate reason to discredit the opinion. *See Batson v. Comm'r of the SSA*, 359 F.3d 1190 at 1195 (9th Cir. 2003) (ALJ need not accept the opinion of a treating physician if it is inadequately supported by clinical findings).

The ALJ further discredited Dr. Nelson's opinion finding it inconsistent with plaintiff's daily activities.  AR at 21-22.  The ALJ found that these activities showed a higher level of functioning than that opined by Dr. Nelson.  Again, as discussed regarding the opinion of Dr. Itano, this inconsistency was a valid reason to discredit Dr. Nelson's opinion.  *See Morgan,* 169 F.3d at 601-02 (upholding rejection of a physician's conclusion that claimant suffered from marked limitations in part on the basis that other evidence of claimant's ability to function, including reported activities of daily living, contradicted that conclusion).

B.     The ALJ Did Not Err at Step Four

At step four, the claimant bears the burden of proving that he can no longer perform his past relevant work.  20 C.F.R. §§ 404.1512(a), 404.1520(f); *Barnhart v. Thomas*, 540 U.S. 20, 25 (2003).  Although the burden of proof lies with the claimant at step four, the ALJ retains a duty to make factual findings to support her conclusion.  *Pinto v. Massanari*, 249 F.3d 840, 844-45 (9th Cir. 2001) (citing Social Security Ruling ("SSR") 82-61).  The claimant must be able to perform:

1.     The actual functional demands and job duties of a particular past relevant job; or

2.     The functional demands and job duties of the occupation as generally required by employers throughout the national economy.

SSR 82-61.  "This requires specific findings as to the claimant's residual functional capacity, the physical and mental demands of the past relevant work, and the relation of the residual functional capacity to the past work."  *Id*. at 845 (citing SSR 82-62).  A claimant may be found not disabled

1   at step four based on a determination that he can perform past relevant work as it was actually

2   performed *or* as it is generally performed in the national economy.  SSR 82-61; SSR 96-8p.

3         Here, the ALJ found plaintiff capable of performing his past relevant work as a labeler.

4   AR at 23.  Plaintiff argues that the ALJ erred in finding labeler to be past relevant work, and

5   erred in finding plaintiff capable of performing this work.  Dkt. 16 at 8-10.  However, the

6   ALJ's findings at step four were supported by substantial evidence and thus will not be

7   overturned.

8         Plaintiff testified at the hearing that the last job he performed was labeling boxes at the

9   fish processing plant where he had worked previously in a different position.  AR at 38-39.  He

10   further testified to performing this job for nine months.  AR at 39.  Plaintiff's earnings records

11   also show that he earned at least eleven thousand dollars in 2009 working for ORCA Bay

12   Seafoods Inc.  AR at 245, 254.  Further, at the hearing the vocational expert testified, partly

13   based on plaintiff's testimony, that plaintiff had performed the job of Labeler (DOT 920.687-

14   126).  AR at 52.  The ALJ determined based on this information that plaintiff's job as a labeler

15   constituted past relevant work.  AR at 23.

16         The only evidence cited by plaintiff to combat the ALJ's finding consists of statements

17   made by plaintiff's roommate and former coworker that plaintiff was unable to perform his job

18   as a labeler due to his back pain.  Dkt. 16 at 9; AR at 328.  However, this lay witness statement

19   was discredited by the ALJ and the ALJ's treatment of this evidence was not challenged by

20   plaintiff.  AR at 21.  The ALJ's finding that plaintiff has past relevant work as a Labeler is

21   supported by substantial evidence in the record.

22         Plaintiff also argues that the state reviewing doctor with the Disability Determination

23   Services ("DDS") did not find plaintiff to have past relevant work as a labeler.  Dkt. 16 at 10.

24   While this is true, these evaluators were not privy to plaintiff's testimony or vocational expert

REPORT AND RECOMMENDATION - 11

1    testimony which further explained the work plaintiff performed in 2009.  AR at 70, 79, 92,

2    104.  The ALJ had access to additional information which allowed her to make new findings

3    regarding plaintiff's past relevant work.

4            In finding plaintiff capable of performing the job of labeler at step four, the ALJ relied

5    on testimony from a vocational expert.  AR at 22-23.  To determine whether there are jobs a

6    claimant is capable of performing, an ALJ may consult a VE, whose "recognized expertise

7    provides the necessary foundation for his or her testimony."  *Bayliss v. Barnhart,* 427 F.3d

8    1211, 1217–18 (9th Cir. 2005).  Plaintiff points to no evidence showing that someone with the

9    ALJ's assessed residual functional capacity ("RFC") would be incapable of performing the job

10   of labeler.  Instead, plaintiff's argument relies on the assumption that the ALJ erred in making

11   her RFC finding.  However, as discussed later in this decision, the ALJ did not err in the RFC

12   finding.  The ALJ's findings at step four are supported by substantial evidence and did not

13   constitute legal error.

14           C.      The ALJ's RFC Finding Was Supported By Substantial Evidence

15           An RFC is the "maximum degree to which [a plaintiff] retains the capacity for

16   sustained performance of the physical-mental requirements of jobs."  20 C.F.R. 404, Subpt. P,

17   App. 2 § 200(c).  It is an administrative decision as to the most a plaintiff can do, despite his

18   limitations.  SSR 96-8p.  The ALJ must assess all of the relevant evidence, including evidence

19   regarding symptoms that are not severe, to determine if the claimant retains the ability to work

20   on a "regular and continuing basis," e.g., eight hours a day, five days a week.  *Reddick*, 157

21   F.3d at 724; *Lester v. Chater*, 81 F.3d 821, 833 (9th Cir. 1995); SSR 96-8p.

22           The ALJ found plaintiff had the RFC to

23           lift and carry twenty pounds occasionally and ten pounds frequently, sit for about six
             hours in an eight-hour workday, and stand and/or walk for about six hours in an eight-

24

REPORT AND RECOMMENDATION - 12

hour workday, with regular breaks.  He can occasionally climb, stoop, kneel, crouch, and crawl.  He should avoid concentrated exposure to vibration and hazards.

AR at 17.  Plaintiff argues substantial evidence does not support a finding that plaintiff is capable of performing work at the light exertional level.  Dkt. 16 at 10-13.  The Court disagrees.

Plaintiff's argument amounts to a request for a more favorable interpretation of the record.  However, it is not the job of the court to reweigh the evidence.  If the evidence "is susceptible to more than one rational interpretation," including one that supports the decision of the Commissioner, the Commissioner's conclusion "must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (*citing Morgan, supra,* 169 F.3d at 599, 601).  The ALJ gave significant weight to the opinions of examining physician Dr. William Furrer, Jr., and the opinion of the non-examining reviewing state agency doctor Jeffrey Merrill, M.D., both of which support the ALJ's RFC finding.  AR at 21-22, 94-105, 659-73.  The ALJ also noted multiple reviewing doctors' opinions from prior to the alleged onset date that support the RFC finding.  AR at 21.  Further, as explained previously, the ALJ did not err in evaluating the medical evidence.  The ALJ's RFC finding is supported by substantial evidence and thus must be upheld.

Plaintiff also argues the ALJ erred in finding plaintiff's use of a cane was not medically necessary and failing to include the need for a cane in the RFC finding.  Dkt. 16 at 13-15. As set out in SSR 96-9p, "[t]o find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed…"  SSR 96-6p, 1996 WL 374185 *9.  The ALJ noted, and plaintiff admits, that the record fails to show any prescription for a cane or other hand-held assistive device.  AR at 20-21; Dkt. 16 at 14.

REPORT AND RECOMMENDATION - 13

1    Further, while plaintiff argues that a cane was medically necessary, there is no evidence in the

2    record to support that conclusion.  No physician endorsed or recommended his use of a cane.

3    Plaintiff contends that because Dr. Itano knew he was using a cane and did not specifically say

4    it was unnecessary, then it must be necessary.  Dkt. 16 at 14.  This reasoning is tenuous at best

5    and is not sufficient to overturn the ALJ's decision.  The ALJ's finding that the use of a cane

6    was not medically necessary was supported by substantial evidence.

7                                              VIII.   CONCLUSION

8            For the foregoing reasons, the Court recommends that this case be AFFIRMED.  A

9    proposed Order accompanies this Report and Recommendation.

10           Objections to this Report and Recommendation, if any, should be filed with the Clerk

11   and served upon all parties to this suit by no later than **October 8, 2014**.  Failure to file

12   objections within the specified time may affect your right to appeal.  Objections should be

13   noted for consideration on the District Judge's motion calendar for the third Friday after they

14   are filed.  Responses to objections may be filed within **fourteen (14)** days after service of

15   objections.  If no timely objections are filed, the matter will be ready for consideration by the

16   District Judge on **October 10, 2014**.

17           DATED this 24th day of September, 2014.

18

19                                                        *James P. Donohue*
                                                          _____
20                                                        JAMES P. DONOHUE
                                                          United States Magistrate Judge

21

22

23

24

REPORT AND RECOMMENDATION - 14